177 So.2d 486 (1965)
Ethelee G. GATES, Appellant,
v.
George E. UTSEY, Sr., Appellee.
No. G-178.
District Court of Appeal of Florida. First District.
July 27, 1965.
*487 E.K. McIlrath, Jacksonville, for appellant.
Tracy Baxter, Jacksonville, for appellee.
STURGIS, Judge.
The appellant, Ethelee G. Gates, plaintiff below, brought an action at law against the appellee, George E. Utsey, Sr., and one Arthur L. Patterson to recover actual and punitive damages for an alleged slander and disparagement of title to certain real property owned by plaintiff.
The original complaint was dismissed as to defendant Utsey with leave to amend, which was done. Defendant Utsey moved to dismiss the amended complaint for failure to state a cause of action and on November 12, 1964, the motion was granted as to said defendant with prejudice. The order of dismissal, here appealed, held the amended complaint defective "because it fails to allege that the Defendant, George E. Utsey, Sr., falsely, willfully and maliciously caused the deed in question to be recorded," and recites that counsel for defendant Utsey represented that he "had no knowledge of the false nature of the deed at the time of recordation and that the Plaintiff does not allege that at the moment of the recording, the Defendant, Utsey, recorded the instrument maliciously."
On January 4, 1965, appellant filed notice of appeal to review said judgment of dismissal, and on January 22, 1965, appellee Utsey moved the trial court to amend said judgment of dismissal so as to reflect that it was counsel for appellant rather than counsel for appellee who represented to the trial court that at the time appellee caused the spurious deed to be recorded appellee had no knowledge of the falsity thereof. On January 29, 1965, the trial court, over objection of appellant, entered an order purporting to amend the judgment of dismissal in accordance with said motion. We pause to observe that on the latter date the trial court had lost jurisdiction of said cause and the efficacy of said amendatory order is therefore questionable. However, the order does not materially affect the issues on this appeal and no harmful error is shown to have resulted therefrom. It is well settled that the adoption by the trial court of an erroneous basis for a proper conclusion will not operate to vitiate the latter; and it follows that such an error will be ignored where, as in this case, it does not affect the conclusion reached on the appeal.
The amended complaint alleged in substance: That defendant Utsey was engaged in the business of buying and selling real property and negotiating mortgage loans on such property; that his co-defendant, Arthur L. Patterson, who makes no appearance on this appeal, was employed by him to further said business pursuits; that in the course of such employment Patterson, without the knowledge or consent of the plaintiff, willfully, maliciously and falsely made or caused to be made, executed and delivered to Utsey a certain false and forged instrument purporting to be a warranty deed of conveyance from the plaintiff to defendant Utsey of certain real property owned by plaintiff in Duval County, Florida, intending thereby to slander, disparage and cloud plaintiff's title; that on December 17, 1963, defendant Utsey caused said spurious deed to be recorded in the public records of said county; that on or about March 19, 1964, defendant Utsey, with full knowledge of said facts, refused to deliver to plaintiff a good and sufficient recordable document renouncing and disavowing the purported interest held by him under said spurious deed; that on or about March 23, 1964, defendant Utsey maliciously and in wanton and reckless disregard of plaintiff's title in and to the land clouded by said deed, conveyed or attempted to convey the same to "Ethelee G. Gates, married and Daniel Gates, her husband," persons unknown to plaintiff and having no interest in said land; and that defendant Utsey has at all times since refused and declined to quitclaim said land to the plaintiff by a good and legally *488 sufficient recordable document disavowing said slander, disparagement and cloud.
It is further alleged that subsequent to the recordation of said spurious deed and prior to March 12, 1964, plaintiff verbally agreed to sell the subject real property to one Tyrie Boyer for $1,950.00, conditioned on her ability to furnish clear title thereto; that the pendency of said transaction was known to defendant Utsey; that a subsequent title search disclosed the recordation of said spurious deed and the defendant Utsey, being fully informed in the premises, continued to claim an interest in said land on the basis of said deed, which prevented plaintiff from consummating the sale thereof to Tyrie Boyer; and that defendant Utsey thereupon entered into negotiations with said Boyer and sold another parcel of land to him. We decline to pass upon the materiality of the allegations mentioned in this paragraph and our decision herein is without prejudice to the right of defendant Utsey to plead thereto as he may be advised.
Error is assigned to the entry of the order dismissing this cause as to defendant George E. Utsey, Sr., and in having denied plaintiff an opportunity to further amend the complaint. The questions presented by appellant's statement of the points involved on this appeal may be paraphrased as follows:
1. Where in a suit of this nature the complaint alleges that the defendant, with knowledge of the facts, retained the benefits of a forged deed of conveyance which clouds plaintiff's title to real property, is it necessary to further allege that the defendant had direct knowledge of the forgery at the time the instrument was recorded?
2. In a suit for slander or disparagement of title to real estate, is the principal liable for the acts of his agent committed in the apparent scope of the agent's authority or for acts of the agent which are later ratified by the principal? It is elemental that this question should be answered in the affirmative.
3. Appellant's third point[1] is not understandable.
4. Whether malice may be implied upon proof of the facts alleged by the complaint. This question is substantially the same as that presented by Question 1, supra.
5. Whether under the circumstances of this case the trial court abused its discretion by dismissing the complaint with prejudice, thus precluding further amendment.
The first question is answered in the negative. It is the modern view that disparagement of one's title to real property affects its value and marketability by reason of the impact upon third persons; that where the conduct of the tortfeasor consists solely in the communication to third persons of a false idea concerning plaintiff's ownership of property, it is not plaintiff's interest in the property itself that is invaded and affected so much as its salability. Thus liability is generally imposed upon a defendant who (a) communicates to a third person (b) statements disparaging the plaintiff's title, (c) which are not true in fact, and (d) which cause the plaintiff actual damage. In an action for slander of title, "malice" merely means a lack of legal justification and is said to be "presumed" if the disparagement is false, if it caused damage, and if it is not privileged. If the defendant disparages plaintiff's title under circumstances supporting a privilege, the presumption of malice is rebutted and, as in a case of defamation, the plaintiff must then prove actual or genuine malice in order to recover. This means that malice, in the ordinary sense of the term, is not important at all except to defeat the *489 defense of privilege or to enhance damages.
In discussing the type of action here involved, Prosser on Torts, at page 763, points out:
"The gist of the tort is the interference with the prospect of sale or some other advantageous relation; and it is equally possible to disparage the plaintiff's business by reflecting upon its existence or character, the manner in which it is conducted, its employees, or its customers, without affecting any property."
33 Am.Jur., page 314, comments upon the liberalization of the rule given by the American Law Institute as follows:
"Under the rule adopted by the American Law Institute, liability may be incurred by the publication of an untrue statement in disparagement of another's property or title under such circumstances as would lead a reasonable man to foresee that a sale or lease of the property would thereby be prevented, regardless of the publisher's motive, intent, or good faith." (See Restatement, Torts, Vol. 3, Sec. 624, 625 [1938]).
Aside from the legal principles discussed in connection with the subject of malice, we have alluded to the fact that the order appealed is predicated in part upon an oral "representation," made by counsel for plaintiff at some point during the hearings on the question of the sufficiency of the complaint, to the effect that defendant Utsey had no knowledge of the false nature of the subject deed when he recorded same. It is apparent, of course, that such representation was made sui generis, is totally speculative, and, assuming the fact, in view of what we have said is not determinative of the question with which the court was concerned, namely, the sufficiency of the complaint; therefore, the postappeal effort to correct the order had no impact upon that basic question.
It does not appear that appellant made any effort in the trial court to be accorded the privilege of further amending the complaint. Having concluded that it was error to dismiss the complaint for failure to state a cause of action, it is unnecessary to pass upon the question of whether the court abused its discretion in dismissing the amended complaint with prejudice. We deem it pertinent to observe, however, that the trial courts should always afford reasonable opportunity to amend a pleading if there is a likelihood that such may operate to cure prior defects.
The judgment appealed is reversed and the cause remanded for further proceedings consistent herewith.
CARROLL, DONALD K., J., concurs.
WIGGINTON, Acting Chief Judge, concurs specially.
WIGGINTON, Acting Chief Judge (specially concurring).
I concur in the able opinion written by Judge Sturgis that the complaint filed in this cause adequately stated a cause of action and that the trial court erred in dismissing it with prejudice.
I agree with the principle set forth in the majority opinion that it is not necessary to allege malice on the part of defendant in order to state a cause of action for slander of title. Our decision in this case does not, however, necessarily have to turn on this conclusion. Paragraph 5 of the complaint specifically alleges that the defendant Patterson, the employee of defendant Utsey, while acting in the course of his employment, willfully, maliciously, and falsely made, executed, witnessed, acknowledged, and delivered to Utsey, or willfully or maliciously caused the same to be falsely made, executed, witnessed, acknowledged, and delivered, a certain warranty deed conveying the property owned by plaintiff, which deed the defendant Utsey caused to be recorded *490 in the official records of Duval County. It is thus seen that defendant Utsey's employee and agent acted willfully and maliciously in the premises while in the scope of his employment, which malicious action is imputed to the principal Utsey, and for the consequences of which the latter is bound. It is therefore my view that the complaint sufficiently alleges that Utsey is vicariously guilty of acting with malice in the slander of plaintiff's title, which allegation fulfills the requirement of the rules contended for by appellee.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] The third point is stated as follows:

"In a suit for slander or disparagement of title to real estate by recording of, and acts subsequent to the recording of, a forged deed with a spurious acknowledgment appended thereto give probable cause to justify a grantee in recording the deed?"