356 So.2d 925 (1978)
CONTINENTAL DEVELOPMENT CORPORATION OF FLORIDA, a Florida Corporation, Appellant,
v.
DUVAL TITLE AND ABSTRACT COMPANY, a Florida Corporation, and Herman L. Chandler, Appellees.
No. 77-1285.
District Court of Appeal of Florida, Second District.
March 29, 1978.
*926 Randall N. Thornton, Lake Panasoffkee, for appellant.
No appearance for appellees.
SCHEB, Judge.
This appeal involves an action for slander of title by appellant Continental against appellee Duval, and a counterclaim by Duval for fees for title services. Judgment was entered in favor of Duval on both causes of action. As to the counterclaim, we hold there was sufficient evidence to support the trial court's award. As to the slander-of-title claim, we hold that while the trial court committed error by requiring proof that Duval acted with actual malice, this error was harmless. We affirm.
The record reveals that in 1973 Continental borrowed in excess of nine million dollars from Republic Mortgage Investors to finance a condominium project. Early the next year Continental decided to refinance the project with another mortgage company, and contracted with Duval to provide title insurance. Duval subsequently issued a commitment for the insurance.
After Continental's attempts to refinance came to naught, it informed Duval that it would no longer need the title insurance. Duval then contacted Continental and requested payment of a cancellation fee. When Continental denied that it owed the fee, Duval proceeded to file a claim of mechanic's lien for "title services" against Continental's property. As a result, Continental filed suit against Duval for slander of title seeking both compensatory and punitive damages. Duval counterclaimed, seeking payment of a $10,000 cancellation fee for the title insurance commitment it had issued.
*927 The court entered a pretrial order in which it held that Duval had no right to file a mechanic's lien under Chapter 713, Florida Statutes (1973). The court further held that doing so was not slander per se, and that Continental would have to prove malice on the part of Duval in the filing of the lien to justify recovery of damages.
After a nonjury trial the court found that Continental had not proved the material allegations in its slander-of-title complaint against Duval and entered judgment accordingly. However, the court held that Duval had established a right of recovery on its counterclaim and awarded it $10,000. This appeal by Continental ensued.

DUVAL'S COUNTERCLAIM
At the trial, testimony came principally from George Wayson, president of Continental, and Herman Chandler, executive vice president of Duval. Mr. Chandler testified that he had discussed the procurement of title insurance for the refinancing with Continental's attorney, Dick Hagin, in February 1974. Chandler said that he and Hagin had agreed that if the refinancing did not go through Duval would be entitled to a $10,000 cancellation fee from Continental. In support of this testimony Duval introduced into evidence a letter from Hagin to Chandler in which Hagin stated that it was his understanding that there would be a $10,000 cancellation fee should the refinancing not go through.
Mr. Wayson of Continental testified that he knew nothing of any cancellation fee, and that he had not authorized Hagin to agree to one. Continental introduced another letter Hagin had written to Chandler. In the second letter, written a week after the first, Hagin denied that there was any agreement for a cancellation fee.
As is quite obvious, the testimony and other evidence before the trial court was conflicting as to whether the parties agreed to a cancellation fee. Simply stated, we believe the facts as set out above demonstrate that there was sufficient evidence from which the trial court could find that Duval was entitled to the $10,000 cancellation fee. Consequently we must affirm the award to Duval on the basis of the well established principle that when there is competent evidence to support the findings and the judgment of the trial court it is the duty of this court to affirm. Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).

CONTINENTAL'S SLANDER-OF-TITLE CLAIM
The remaining question is more troublesome: Did the trial court err in holding that Continental was required to prove that the filing of the lien was done with malice in order to recover damages in a slander-of-title action?
While malice is an element of a cause of action for slander of title, a plaintiff sustains his burden of proof once he establishes that a defendant has communicated untrue statements to a third person which disparage the plaintiff's title and cause him actual or special damage. Gates v. Utsey, 177 So.2d 486 (Fla.1st DCA 1965); 50 Am.Jur.2d Libel and Slander Sections 541 and 546 (1970). So, malice can be presumed to exist if a plaintiff establishes these elements of his claim.[1]Gates v. Utsey, supra. From the tenor of the court's pretrial order it is apparent that the court did not feel that malice could be presumed. However, even if it had realized that malice could be presumed, there would not have been sufficient evidence upon which to do so since Continental did not adequately prove special damages.
A plaintiff must specifically plead special damages. Fla.R.Civ.P. 1.120(g); Augustine v. Southern Bell Telephone & Telegraph Co., 91 So.2d 320 (Fla. 1956); Restatement (Second) of Torts, Section 633 *928 (1977). Looking at the complaint we find that Continental alleged that it lost sales, sustained damage to its credit reputation, and incurred attorney's fees. Consequently, it was entitled to submit evidence of damages on these points. Yet at trial it produced no evidence to demonstrate what, if any, sales were lost or the value of these sales. Moreover, its witnesses ascribed no specific value to the loss of credit reputation and submitted no evidence as to any attorney's fees incurred as a result of the lien.
The only evidence which Continental did present on damages was a bare statement that it lost the condominium project because of the filing of the lien and that its investment in the project was approximately $100,000. Aside from the fact that Continental did not plead this element of damages, we do not believe that the conclusory statement as to the reason for loss was a sufficient predicate to establish damages without further facts to support that conclusion. So, even if the trial court had applied the proper standard there would have been no basis to have awarded special damages to Continental.
We note in passing, however, that while actual malice is not necessary to recover compensatory damages in a slander-of-title action, a plaintiff always must prove actual malice in order to recover punitive damages. Collier County Publishing Co., Inc. v. Chapman, 318 So.2d 492 (Fla.2d DCA 1975).
Finally, it follows that since a court may only award special as opposed to general damages in a slander-of-title suit, there would be no basis for an award of nominal damages.[2] Nominal damages are recoverable when there is proof of injury but not of the damages flowing therefrom. Tampa Electric Co. v. Ferguson, 96 Fla. 375, 118 So. 211 (1928). There was no proof of injury here.
To sum it up, there was substantial, competent evidence to support Duval's counterclaim, and the court's ruling that Continental was required to prove malice was harmless error.
Affirmed.
GRIMES, Acting C.J., and OTT, J., concur.
NOTES
[1] We mention as a caveat that the presumption of malice can be overcome by the showing of privilege. For a good discussion of privilege, see W. Prosser, Law of Torts, Section 122 (2 ed. 1955).
[2] See 50 Am.Jur.2d Libel and Slander Section 546 (1970) Annot. 39 A.I.R.2d 840, 855 (1955).