PER CURIAM.
Appellant brought suit against appellees for slander of title, trespass, and conspiracy and asked for compensatory and punitive damages. After appellees answered, setting forth several affirmative defenses, they moved for summary judgment and appellant moved for partial summary judgment. The trial court granted appellees’ motion, denied appellant’s, and awarded costs to appellees for copies of depositions. We reverse the grant of summary judgment and the award of costs and affirm the denial of partial summary judgment.
A review of the record and the controlling law reveals that there are genuine is *858 sues of material fact and neither party is entitled to judgment as a matter of law. Specifically, as to the slander of title count, the complaint does state a cause of action and the affirmative defense of good faith reliance on the survey creates a factual dispute which cannot be resolved on summary judgment. Annot., 129 ALR 179 (1940); Annot., 137 ALR 2d 840 (1955).
Since the summary judgment is reversed, costs must also be reversed. We note, however, that costs for copies of depositions are not properly assessable. Florida Greyhound Lines v. Jones, 60 So.2d 396 (Fla.1952).
Appellees’ petition for attorney’s fees is DENIED.
AFFIRMED in part, REVERSED in part and remanded for further proceedings consistent with this opinion.
McCORD, C. J., and BOOTH and LARRY G. SMITH, JJ., concur.