402 So.2d 425 (1981)
Pat PROCACCI and Rose Procacci, Appellants,
v.
Mario ZACCO, et al., Appellees.
No. 79-1829.
District Court of Appeal of Florida, Fourth District.
June 3, 1981.
Rehearing Denied September 9, 1981.
Gary S. Brooks of Williams, Salomon, Kanner, Damian, Weissler & Brooks, Miami, for appellants.
Leonard D. Pertnoy of Pertnoy & Greenberg, Miami, for appellees.
*426 HURLEY, Judge.
We are asked in this appeal to determine whether claims for slander of title and tortious interference with a contractual relationship may be predicated upon the filing of a notice of lis pendens which contained information permitted by Section 48.23(1)(a), Florida Statutes (1975). Here, the notice was proper under Florida law and the court action to which it referred was based upon a recorded instrument. Thus, we answer in the negative.
In 1974 appellants filed an action to establish the existence of an easement over appellees' property. At the same time, appellants filed a notice of lis pendens[1] pursuant to Section 48.23, Florida Statutes (1973). The case was tried before the court and resulted in a determination that no easement existed; thus, a verdict for the appellees/defendants. The judgment was affirmed on appeal.[2]
Subsequently, the defendants in the easement action, appellees here, filed a two count complaint against appellants. Count one alleged slander of title and count two alleged tortious interference with a contractual relationship; both counts were predicated upon the filing of the notice of lis pendens in the earlier easement action.[3] After some preliminary skirmishing in the trial court, which included a motion to dismiss by appellants, summary judgment on liability was entered against appellants. This appeal followed.[4]
We start by examining the two causes of action. Slander of title, or as it is sometimes called, disparagement of property, arises out of an injurious falsehood, such as malicious publication of false statements concerning title to one's property. Old Plantation Corp. v. Maule Industries, Inc., 68 So.2d 180 (Fla. 1953); Continental Development Corp. v. Duval Title and Abstract Co., 356 So.2d 925 (Fla.2d DCA 1978); Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). On the other hand, tortious interference with a contractual relationship involves: "(1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship." Symon v. J. Rolfe Davis, Inc., 245 So.2d 278, 280 (Fla. 4th DCA), cert. denied, 249 So.2d 36 (Fla. 1971). See also Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979).
Both torts share a common legal basis; both involve intentional interference with another's economic relations.[5] Moreover, *427 the case at bar illustrates an additional aspect of their commonality for, as alleged here, both torts are subject to the same defenses. It has long been recognized that the privilege defenses available in an action for personal defamation are also available in an action for slander of title. See Restatement (Second) of Torts § 635 (1977); Sailboat Kay, Inc. v. Gardner, 378 So.2d 47 (Fla.3d DCA 1979). Reasoning from this premise, we determine that tortious interference is also subject to the same privilege defenses due to the common root it shares with slander of title and the fact that, in this case, both torts allegedly arose from the single act of filing the notice of lis pendens.[6]
The privilege sought to be asserted here is the absolute privilege of participants in judicial proceedings which was described in Sussman v. Damian, 355 So.2d 809, 811 (Fla.3d DCA 1977):
It is the established law of this state that defamatory words published by lawyers during the due course of a judicial procedure are absolutely privileged and cannot form the basis for a defamation action so long as the statements uttered are connected with, or are relevant or material to the cause at hand or the subject of inquiry no matter how false or malicious such statements may in fact be.
See also State v. Tillett, 111 So.2d 716 (Fla.2d DCA 1959). Appellants contend that a proper notice of lis pendens, based on a recorded instrument and filed pursuant to Florida law, is a publication much like a pleading or other statement made in the course of a judicial proceeding and therefore, they argue, it enjoys the same immunity. We agree.
Subsection (1)(a) of Section 48.23, Florida Statutes (1973) states:
No action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is, containing the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected and a statement of the relief sought as to the property.
The purpose of a lis pendens as authorized by this statute "is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court. It is simply a notice of pending litigation." Beefy King International, Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir.1972); Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA 1981). Lis pendens "is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry." De Pass v. Chitty, 90 Fla. 77, 105 So. 148, 150 (1925); Marchand v. De Soto Mortgage Co., 149 So.2d 357 (Fla.2d DCA 1963). Thus, lis pendens is merely a "statutorily authorized republication of pleadings in a judicial proceeding. If such pleadings are absolutely privileged, logically the statutorily authorized republication of such pleadings should likewise be privileged." Stewart v. Fahey, 14 Ariz. App. 149, 481 P.2d 519, 521 (1971). Since the notice of lis pendens has no existence separate and apart from the litigation of which it gives notice, we hold that appellants' filing of a notice of lis pendens was a part of the judicial proceeding to determine the existence of an easement and thus, it is encompassed within the judicial proceedings privilege.
Our decision reflects the general policy underlying all privilege defenses that "[i]n certain circumstances the public need for free and unfettered discussion outweighs the need to protect individuals from injury caused by false statements." Wendy's of South Jersey, Inc. v. Blanchard Management Corp., 170 N.J. Super. 491, 406 A.2d 1337, 1338 (1979); see also, 50 Am.Jur.2d Libel and Slander § 192. We are also fortified *428 with the knowledge that text writers and the overwhelming weight of authority which have considered this subject have reached the same conclusion. For example, 51 Am.Jur.2d Lis Pendens § 22 states:
A notice of lis pendens, filed under the authority of a statute, is, it has been held, as much entitled to the benefit of privilege, within contemplation of libel laws, as are the pleadings in the action to which the notice relates.
See also Zamarello v. Yale, 514 P.2d 228 (Alaska 1973); Kelly v. Perry, 111 Ariz. 382, 531 P.2d 139 (1975); Stewart v. Fahey, supra; Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405 (1956); Berger v. Shea, 150 Ga. App. 812, 258 S.E.2d 621 (1979); Houska v. Frederick, 447 S.W.2d 514 (Mo. 1969); Hauptman v. Edwards, Inc., 170 Mont. 310, 553 P.2d 975 (1976); Wendy's of South Jersey, Inc. v. Blanchard Management Corp., supra; Kropp v. Prather, 526 S.W.2d 283 (Tex.Civ.App. 1975); Hansen v. Kohler, 550 P.2d 186 (Utah 1976).
Accordingly, the order of summary judgment entered herein is reversed and the cause is remanded with instructions to enter an order granting appellants/defendants' motion to dismiss.
BERANEK and GLICKSTEIN, JJ., concur.
NOTES
[1] The notice read as follows:

NOTICE OF LIS PENDENS
TO THE ABOVE NAMED DEFENDANTS AND ALL WHOM IT MAY CONCERN: NOTICE IS HEREBY GIVEN that an action was instituted in the above styled court seeking declaratory and injunctive relief to remove and restrain obstruction of an easement for road right of way over the South 25 feet of the North 235 feet of the West 240 feet of Tract 12 in Block 3 of the subdivision of Section 31, Township 50 South, Range 42 East, according to the Plat thereof recorded in Plat Book 2, page 32, of the Public Records of Dade County, Florida; less the West 40 feet thereof; said lands lying, situate and being in Broward County, Florida; and for damages.
[2] Procacci v. Zacco, 324 So.2d 180 (Fla. 4th DCA 1975).
[3] Count one, paragraph 10, alleges:

The filing of the attached Lis Pendens, together with the subsequent filing of the aforementioned lawsuit, constituted a willful, malicious, and intentional disparagement and slander of Plaintiffs' title to the subject property.
Count two, paragraph 12, alleges:
Thereafter, the Defendants intentionally, willfully, and wrongfully, interfered with Plaintiffs' contractual rights existing under this Agreement by filing the aforedescribed Notice of Lis Pendens, and resulting lawsuit against Plaintiffs' property, which was the subject matter of the agreement.
[4] See Rule 9.130(a)(3)(C)(iv).
[5] W. Prosser, Law of Torts 917 (4th ed. 1971); Wham, Disparagement of Property, 21 Ill.L. Rev. 26 (1926); Comment, The Law of Commercial Disparagement; Business Defamation's Impotent Ally, 63 Yale L.J. 65, 69-74 (1953).
[6] See footnote 3, supra.