415 So.2d 118 (1982)
ALLINGTON TOWERS CONDOMINIUM NORTH, INC., Appellant,
v.
ALLINGTON TOWERS NORTH, INC., Appellee.
No. 81-272.
District Court of Appeal of Florida, Fourth District.
June 16, 1982.
*119 Judith A. Bass and Sharon B. Jacobs of Simons, Schindler & Tripp, P.A., Miami, for appellant.
Alvin Capp of Capp, Reinstein, Kopelowitz & Atlas, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
The defendant below appeals from an order granting the plaintiff's motion for partial summary judgment as to liability in a slander of title action.
Allington Towers Condominium North, Inc., a condominium association, upon advice of counsel filed a claim of lien against unsold condominium units for alleged building defects. Allington Towers North, Inc., the developer, then filed a complaint against the association seeking removal of the lien and damages for slander of title resulting from the allegedly improper claim of lien. The developer alleged that the association maliciously filed an improper claim of lien which disparaged its title to the unsold condominium units, thereby causing actual damage. The association, in its answer, asserted a good faith defense to the slander of title claim.
The trial court granted the developer's motion for partial summary judgment as to the removal of the lien. This court then affirmed that order. Allington Towers Condominium North, Inc. v. Seidler, 344 So.2d 345 (Fla. 4th DCA 1977).
Subsequently, the developer filed a motion for partial summary judgment determining liability with respect to the slander of title claim. The trial court found that the association is liable to the developer for slander of title. Accordingly, the court granted the developer's motion. This appeal followed.
The association asserts that summary judgment was improper due to issues of material fact as to the association's malicious intent in filing the claim of lien. The developer, however, contends that actual malice is not an essential element of a cause of action for slander of title. The developer argues that liability exists where a party:
(a) communicates to a third person;
(b) a statement disparaging title;
(c) which statement is untrue; and
(d) causes actual damage.
Lehman v. Goldin, 160 Fla. 710, 36 So.2d 259 (1948); Continental Development Corp. of Florida v. Duval Title & Abstract Co., 356 So.2d 925 (Fla. 2d DCA 1978); Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). The developer contends that a showing of these four elements presents a prima facie case of slander of title whereby malice is presumed. See Gates v. Utsey, supra.
We hold that the association's affirmative defense of good faith creates a factual dispute as to the malicious intent element of a cause of action for slander of title. See Crabtree v. Rogers, 370 So.2d 857 (Fla. 1st DCA 1979). We recognize that malice will be presumed if the disparagement of title to real property is false, causes damage, and is not privileged. Gates v. Utsey, supra. The presumption of malice, however, can be overcome by the showing of privilege. Gates v. Utsey, supra; Continental Development Corp. of Florida v. Duval Title & Abstract Co., supra. A showing of privilege rebuts the presumption of malice and the plaintiff must then prove actual malice in order to recover in a slander of title action. Gates v. Utsey, supra. The affirmative defense of good faith raises a privilege and creates a factual issue as to the existence of malice. W. Prosser, Law of Torts, § 128 (4th ed. 1971) presents a good discussion of privilege. This section states:
A rival claimant to the property disparaged, in his capacity as such, is recognized as privileged to assert a bona fide claim by any appropriate means of publication ... The privilege is uniformly held, however, to be a qualified one, and it is *120 defeated if the defendant's motive is shown to be solely a desire to do harm, or if it is found that he did not honestly believe his statements to be true, or that the publication of the statement was excessive. A few cases have gone further and have said that he must have reasonable grounds for believing his disparaging words to be the truth; but the better view, which is now more generally accepted, is that a genuine belief in their truth is sufficient, however unfounded or unreasonable it may be. The absence of probable cause for the belief may permit the jury to infer that it does not exist, but it is not necessarily conclusive; and the advice of counsel, while it is evidence in favor of good faith, is likewise not determinative in itself. When it appears that a privilege exists, the burden is upon the plaintiff to establish the existence of the "malice" which will defeat it. (Footnotes omitted.)
Accordingly, the pleadings in the present case create an issue of material fact as to the existence of malice which could defeat the qualified privilege of a rival claimant to the property. This factual dispute cannot be resolved on summary judgment. Crabtree v. Rogers, supra; Bruce v. Turnbull, 327 So.2d 250 (Fla. 4th DCA 1976). See also Annot., 129 A.L.R. 179 (1940); Annot., 30 A.L.R.2d 840 (1955).
We, therefore, reverse the partial summary judgment on the issue of liability.
GLICKSTEIN, HURLEY and DELL, JJ., concur.