WALDEN, Judge.
This appeal is brought by plaintiff/counter-defendant, Donald M. Paterson, Inc., (Paterson) from:
“1. Order denying plaintiff/counter-defendant’s motion for directed verdict on the „ slander of title claim and granting a new trial on that claim and on the claim for foreclosure of mechanic’s lien, but not granting a new trial on plaintiff’s contract and unjust enrichment claims;
2. Order denying plaintiff/counter-defendant’s motion for attorney’s fees;
3. Judgment for ALVA T. BONDA in the amount of $1,500.00 for attorney’s fees.”
Paterson, a contractor and designer, was employed by contract by Mr. and Mrs. Bon-da (appellees) to design and construct certain improvements in the Bonda’s condominium apartment. The work was partially completed when, based on disagreements, the Bondas discharged Paterson.
Paterson filed a mechanics lien against the Bondas. Suit followed.
Paterson sued the Bondas (three counts) for breach of contract, for unjust enrichment or quasi contract, and for lien foreclosure. Pre-trial summary judgment removed Alva Bonda as a defendant to the lien foreclosure claim because he was not an owner of record of the apartment. Subsequently, he, Alva Bonda, was awarded attorney’s fees for defending the lien foreclosure claim.
The Bondas counterclaimed for breach of contract damages. Mrs. Bonda, individually, counterclaimed for slander of title based on the act of Paterson in filing the lien.
The case proceeded to jury trial. At the conclusion of all the evidence the trial court denied Paterson’s motion for directed verdict aimed at Mrs. Bonda’s counterclaim for slander of title.
The jury verdict reflected:
*208 A. An award of $6,726.71 in favor of Paterson’s mechanics lien claim against Mrs. Bonda.
B. A finding against Paterson’s claim for breach of contract and unjust enrichment-quasi contract claim against both Bondas.
C. A finding against the Bondas’ counterclaim against Paterson for breach of contract and claim for a false or fraudulent lien.
D. An award of $2000.00 in favor of Mrs. Bonda’s counterclaim for slander of title against Paterson.
Post trial the trial court found that the verdict was inconsistent by reason of the verdict in favor of lien foreclosure and in favor of the slander of title counterclaim. The trial court granted each side a new trial on these issues, i.e. Paterson’s claim for lien foreclosure and Mrs. Bonda’s counterclaim for slander of title. The court denied a new trial to Paterson on its claim for breach of contract and quasi contract.
Only Paterson appeals. And so here we are. We attack the problems piecemeal.
We hold that the trial court erred in denying Paterson’s motion for directed verdict on Mrs. Bonda’s counterclaim for slander of title.
The essential elements of a slander of title cause of action “are the uttering and publication of the slanderous words by the defendant, the falsity of the words, malice, and special damages.” (footnote omitted) 50 Am.Jur.2d Libel and Slander § 541 (1970); See also Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). This court has recognized that a party’s attorney’s fees which are incurred as a portion of the expense of removing the cloud from title are recoverable as part of the party’s pecuniary loss. Maass v. Christensen, 414 So.2d 255 (Fla. 4th DCA 1982), citing with approval, Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973). The Restatement (second) of Torts § 633(l)(b) (1977) sets forth this element of damages in the following manner:
§ 633 Pecuniary Loss
(1) The pecuniary loss for which a publisher of injurious falsehood is subject to liability is restricted to

(b) the expense of measures reasonably necessary to counteract the publication, including litigation to remove the doubt cast upon vendibility or value by disparagement.
While Mrs. Bonda offered to present evidence with respect to the attorney’s fees she had incurred in her slander of title action in a “supplemental proceeding,” she failed to produce evidence of these damages at trial. In this instance, Mrs. Bonda neither demonstrated her attorney’s fees as damages nor did she present evidence that she had sustained any damages. Therefore, Mrs. Bonda failed to establish a prima facie case of slander of title. Continental Development Corporation of Florida v. Duval Title and Abstract Company, 356 So.2d 925 (Fla. 2d DCA 1978).
The stated reason for trial court granting a new trial on Paterson’s lien foreclosure claim and Mrs. Bonda’s slander of title action was trhe already mentioned inconsistent verdicts. However, in light of our holding that Paterson’s motion for a directed verdict on Mrs. Bonda’s slander of title action should have been granted, we deem it to be unnecessary for Paterson to relitigate its foreclosure claim because the inconsistency relied upon will no longer exist. Further, there is no inconsistency, as Paterson contends, in the jury’s verdict with respect to the three counts of Paterson’s third amended complaint so as to entitle it to a new trial on its claims for breach of contract and quasi contract. In fact, Paterson acknowledges in its appellate brief that the count seeking contract damages and the count seeking damages for unjust enrichment were claims in the alternative, should its mechanics lien claim fail. Thus, the trial court did not abuse its discretion in denying Paterson a new trial on its contract and quasi contract claims. Hodge v. Jacksonville Terminal Company, 234 So.2d 645 (Fla.1970) cert. denied, 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141; Cloud v. Fallis, 110 So.2d 669 (Fla.1959).
*209 We hold, with respect to Paterson’s second appellate point, that it was the prevailing party on its mechanic’s lien foreclosure against Mrs. Bonda and thereby is entitled to recover attorney’s fees under Section 713.29, Florida Statutes (1978).
Finally, as to Paterson’s third point, Paterson contests the award of $1,500.00 as attorney’s fees to Alva T. Bonda. We affirm the trial court’s award because Alva T. Bonda prevailed against Paterson in the lien foreclosure claim by virtue of the fact that he was granted a pre-trial summary judgment. Section 713.29, supra.
In summation, the trial court’s order denying Paterson’s motion for a directed verdict constituted error. Consequently, the award in favor of Maria Bonda on her slander of title action is reversed. The trial court’s orders granting the parties a new trial and denying Paterson’s motion for attorney’s fees are reversed. We affirm the trial court’s award of attorney’s fees to Alva T. Bonda. This case is remanded for further proceedings consistent herewith.
AFFIRMED in part, REVERSED in part, and remanded for entry of judgment consistent herewith.
DOWNEY and HERSEY, JJ., concur.
WALDEN, J., did not participate in oral argument but had an opportunity to review the presentation.