437 So.2d 162 (1983)
BONDED INVESTMENT AND REALTY COMPANY, Appellant,
v.
Gregory WAKSMAN and Maria Waksman, His Wife, Appellees.
No. 82-1939.
District Court of Appeal of Florida, Second District.
July 22, 1983.
Rehearing Denied September 13, 1983.
*163 Charles F. Clark and Ted R. Manry III, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Michael A. Linsky of Linsky & Reiber, Tampa, for appellees.
LEHAN, Judge.
Plaintiff, Bonded Investment and Realty Company, appeals from a final judgment denying its request for specific performance of an option to repurchase realty. Bonded also appeals from the portion of the judgment awarding attorney's fees and certain costs to the defendants, Gregory and Maria Waksman. We affirm the denial of specific performance but reverse the award of attorney's fees and an expert witness fee.
On February 16, 1978, Joy Vogel (not a party to this appeal) entered into a contract to purchase Lot 8, Block A, Pelican Island Unit No. 1 from Bonded, the developer. Paragraph 8 of the contract provided that Bonded could repurchase the lot for the original purchase price if Vogel failed to commence construction of a house on the lot within three years of the contract date. The purchase contract was not recorded in the public records. The warranty deed for the property issued by Bonded to Vogel was recorded in the public records but made no reference to the repurchase option or to the purchase contract between Bonded and Vogel.
On June 24, 1980, the Waksmans entered into a contract to purchase the lot from Vogel. That contract stated: "Buyer has been informed that construction must be commenced by May 1, 1981." The warranty *164 deed from Vogel to the Waksmans contained similar language.
On June 16, 1981, a representative of Bonded wrote the Waksmans a letter purporting to exercise the right to repurchase the property for the original purchase price. There was evidence that at this point there had been no actual commencement of construction or delivery of materials to the property although the Waksmans had cleared the property of debris and had had various plans and sketches prepared by an architect and a residential designer.
When the Waksmans refused to allow Bonded to repurchase, Bonded filed this suit seeking specific performance. The Waksmans counterclaimed, alleging slander of title because of the filing of the lawsuit by Bonded.
We affirm the trial court's denial of Bonded's request for specific performance. Although the evidence shows that the Waksmans were aware they must begin construction within a certain time, the record in this case is devoid of any showing by Bonded that the Waksmans knew about the repurchase option provision in Vogel's contract or knew that their failure to build could cause them to lose the property.
Bonded argues that the Waksmans had a duty to inquire further about the requirement that they begin construction, citing Sapp v. Warner, 105 Fla. 245, 141 So. 124 (1932), and that if the Waksmans had inquired they would have learned about the repurchase option. We do not find that there was such a duty to inquire. No document in the Waksmans' chain of title contained the repurchase option provision or any information beyond the requirement to begin construction contained in the Waksmans' own deed. There was shown to be no notice to the Waksmans of anything which would distinguish this obligation from any other covenant or restriction which could not reasonably be said to have put a purchaser on notice of a potential loss of his property through repurchase if he did not comply. Therefore, the trial court was correct in denying specific performance of the repurchase option.
But we believe that the trial court was incorrect in awarding attorney's fees to the Waksmans as the prevailing parties. The general principle is that attorney's fees are not taxable as costs unless specifically provided by contract or statute. Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956). No contract or statute relevant to this case contains such a provision.
Attorney's fees may be a proper element of special damages in a slander of title action. Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973). The Waksmans' claim for slander of title originally was based solely on the fact that Bonded brought a legal action to enforce the repurchase option. However, the mere bringing of a legal action on a claim relating to land does not constitute slander of title. See Sailboat Key, Inc. v. Gardner, 378 So.2d 47 (Fla. 3d DCA 1980). The Waksmans later claimed that two documents prepared by Bonded  an affidavit recorded in the public records and a letter sent to Vogel and the Waksmans  constituted slander of title. We disagree. The evidence does not show that the letter was ever sent to any third party who had no interest in the matter. See Lewis v. Evans, 406 So.2d 489 (Fla. 2d DCA 1981). The affidavit at the time it was recorded (before the deed to the Waksmans) appeared as a good faith statement of belief of a legal right. See Allington Towers Condominium North, Inc. v. Allington Towers North, Inc., 415 So.2d 118 (Fla. 4th DCA 1982).
The trial court also awarded the Waksmans costs for an expert witness fee. However, that witness' testimony was only factual as to what steps had been taken in preparation for construction and did not constitute an expert opinion. Therefore such costs were improperly awarded.
The award of attorney's fees and the expert witness fee to the Waksmans is REVERSED. *165 The remainder of the final judgment is AFFIRMED.
HOBSON, A.C.J., and BOARDMAN, J., concur.