ON MOTION FOR REHEARING
GARRETT, Judge.
We grant appellee/cross-appellant Knight Investments, Incorporated’s motion for rehearing and substitute the following for our opinion of February 13, 1991:
This is a consolidated appeal of a non-final order which entered judgment in favor of appellee/cross-appellant Knight Investments, Incorporated [Knight] and denied appellant/cross-appellee Tishman-Speyer Equitable South Florida Venture’s [Tishman-Speyer] counterclaim. By previous order of this court we chose to treat the order as a final order.
Procedurally, Knight sued Tishman-Speyer for slander of title. Tishman-Speyer counterclaimed for declaratory relief to establish a right of first refusal and joined Florida National Bank and First American Bank and Trust [First American] as necessary parties. The trial court severed several counts and tried the liability issue in a bifurcated trial. During trial, Tishman-Speyer’s motion and renewed motion for a directed verdict in the slander of title action were denied. After the jury returned ■a verdict that found Tishman-Speyer liable *214 for slander of title, the trial judge entered a non-final judgment for Knight, reserved jurisdiction to determine damages and denied Tishman-Speyer’s counterclaim. Post trial, Knight’s motion for a new trial was denied.[1]
Factually, Arvida Corporation [Arvida] developed Arvida Park in Boca Raton to sell parcels to various investors. Arvida created a right of first refusal by recording a Declaration of Covenant and Restrictions. In 1979 Arvida sold a parcel to First American and retained the right of first refusal. Arvida later exchanged another parcel with American Tectonics and agreed to release the right of first refusal. Between the closing and the recording of the American Tectonics transaction, the releases were altered to reflect that Arvida’s releases applied to all the parcels in Arvida Park. In 1983 Arvida sold the rest of its parcels to Tishman-Speyer which included an assignment of all, “if any,” of the rights of first refusal. In 1984 Knight purchased the parcel owned by First American. In 1985 Tishman-Speyer wrote a letter to all the concerned parties which stated that its right of first refusal would be exercised and the American Tectonic releases had been altered. Knight filed its slander of title action with the letter attached to the complaint and Tishman-Speyer filed its counterclaim for declaratory relief. In 1986 Tishman-Speyer recorded its president’s affidavit which repeated the contents of the letter and the allegations of the counterclaim. In 1987 Tishman-Speyer recorded a lis pendens against the parcels.[2]
We affirm as to the denial of Tishman-Speyer's counterclaim and reverse as to the judgment entered in favor of Knight. The plaintiff in a slander of title action must prove that the defendant published the alleged defamatory statement to a third party. Continental Development Corp. of Florida v. Duval Title & Abstract Co., 356 So.2d 925 (Fla. 2d DCA 1978); Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). No actionable publication occurs when a letter is sent to a party who has an interest in the matter. Bonded Investment and Realty Co. v. Waksman, 437 So.2d 162, 164 (Fla. 2d DCA 1983). Nor does actionable publication occur when a lis pendens is recorded. See Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981).[3]
Sub judice, only the concerned parties received the letter and Knight never contended that Tishman-Speyer did not have the right to record a lis pendens. Knight did present evidence that the affidavit created a cloud on the parcels’ titles, which prevented any transfers, refinancing, or obtaining of additional title insurance. We hold that the affidavit was tantamount to a recorded lis pendens and therefore, a privileged publication. The later recorded lis pendens was a redundancy. Accordingly, we conclude that the trial judge erred when he denied Tishman-Speyer’s motions for directed verdict.[4]
Nevertheless, the right result was reached after the trial judge lumped the letter and the affidavit together[5] and sub *215 mitted the publication issues to the jury. They answered question number 7 of the special interrogatory verdict as follows:
Was a false statement communicated to persons other than those persons who were directly or indirectly involved in the transactions between Knight and First American?
Yes_ No X
After the jury rendered its verdict, the trial judge should have revisited the publication issues and granted the motions for directed verdict and entered judgment for Tishman-Speyer in the slander of title action. Instead, the trial court entered judgment for Knight, which we now reverse.
We find no merit in the remaining points raised in the appeal and cross appeals.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GUNTHER, J., and McNULTY, JOSEPH P., Senior Judge, concur.

. Although the judgment favored Knight in the slander of title action, its counsel apparently realized that the jury’s answers to the special interrrogatory verdict created an inconsistent verdict that needed to be rectified.

. We have not found any evidence in the record that a lis pendens was recorded, however, the judgment, inter alia, dissolved a lis pendens against the parcels recorded by Tishman-Speyer.

. Although we need not address the issue, we doubt that actionable publication can occur after the contents of the publication has became part of the public record. Arguendo, the filing of Knight’s complaint did not prevent an actionable republication, however, the complaint caused Tishman-Speyer to file a complusory counterclaim that republished to the public. The later recorded affidavit only repeated what any third party already constructively knew.

. Although Tishman-Speyer’s motions for directed verdict should have been granted, such errors did not harm Knight. Denial of the first motion forced Tishman-Speyer to put on a defense in the slander of title action. Denial of the renewed motion caused that action to be submitted to the jury. Thus, had the trial judge reserved ruling, instead of denying the motions, the results would have been the same.

. The complaint did not mention the affidavit. At trial, Knight introduced the affidavit, but not for the purpose of establishing its publication. During argument on Tishman-Speyer’s renewed *215 motion for directed verdict, for the first time, Knight claimed that the affidavit also constituted an actionable publication and argued that the parties had tried that issue by consent. The trial judge denied the motion. However, at the charge conference, he submitted both publication issues to the jury when he replaced any mention of the letter in the jury instructions and the verdict form with the word, "statement.” Had Knight prevailed on the affidavit publication issue, we would be inclined to find that Tishman-Speyer’s due process rights were violated by the emergence of the affidavit publication issue during trial.