16-304-bk
*Mack v. ResCap Borrower Claims Trust*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges.*

---

BARRY F. MACK,

>                   *Appellant,*                                16-304-bk

>                   v.

RESCAP BORROWER CLAIMS TRUST,

>                   *Appeellee.*

---

FOR APPELLANT:                          DAVID F. GARBER, Naples, FL.

FOR APPELLEE:                           ADAM A. LEWIS, Morrison & Foerster
                                        LLP, San Francisco, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*; Martin Glenn, *Bankruptcy Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 25, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Barry F. Mack appeals from an order of the District Court affirming two orders of the Bankruptcy Court: (1) an order sustaining appellee ResCap Borrower Claims Trust's (the "Trust") objection to Mack's proof of claim alleging malicious prosecution; and (2) an order sustaining the Trust's objection to Mack's proof of claim alleging a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). We assume the parties' familiarity with the factual and procedural history of the case, though we summarize the critical portions of that history below.

## I.    Background

In 2006, Barry F. Mack and his wife, Cheryl Mack, bought a home in Florida. Three years later, when the Macks realized they could no longer afford the mortgage payments on their home, they contacted their loan servicer, GMAC Mortgage LLC ("GMACM"), to obtain a loan modification. GMACM did not provide the Macks with relief from their mortgage, but instead initiated a foreclosure action against them in Florida state court on behalf of Deutsche Bank, which owned the mortgage at that time. The Macks, however, were not in default on their mortgage. When GMACM realized that it had brought the foreclosure action in error, it contacted local counsel to withdraw the lawsuit. For reasons unknown, local counsel did not move to dismiss the action until three months later.

While the foreclosure action remained pending in Florida state court, the Macks filed counterclaims against Deutsche Bank, seeking damages for slander of title and a violation of RESPA based on a transfer of title without notifying the Macks. Deutsche Bank never responded to the counterclaims (allegedly because of the continued ineptitude of the same local counsel) and the Macks received a default judgment. After the state court issued its default judgment, Deutsche Bank became aware of the counterclaims and moved to set aside the judgment. Ultimately, in February 2013, the state court granted Deutsche Bank's motion to vacate the judgment as to the Macks' RESPA claim, but confirmed the judgment with respect to the Macks' slander of title claim. The Macks received approximately $320,000 in damages.

On October 26, 2009, about a month after GMACM brought its foreclosure action, the Macks wrote a letter to GMACM querying why the foreclosure action remained pending even though GMACM had notified them that they were not in default (the "Qualified Written Request" or "QWR"). The Macks did not send their QWR to the address designated by GMACM for receipt of QWRs. Instead, they sent it to the address designated by GMACM for "General Inquiries." GMACM never responded to or acknowledged receipt of the Macks' QWR.

In May 2012, the Trust filed for bankruptcy. Several months later, the Macks timely filed a proof of claim against GMACM for money damages, alleging that the loan servicer was liable to them for malicious prosecution and RESPA violations arising out of the 2009 foreclosure action. This RESPA claim, which was based on GMACM's alleged failure to respond to the QWR, was distinct from the RESPA claim brought in the earlier Florida action. The Trust objected to both proofs of claim. In 2014, the Bankruptcy Court sustained the Trust's objection to the Macks' malicious prosecution claim on the ground that it was barred by *res judicata* because of the state court judgment rendered against Deutsche Bank, but overruled the Trust's objection to the Mack's bringing a RESPA claim against GMACM for failure to respond to their QWR. In 2015, after conducting a trial on the Macks' RESPA claim, the Bankruptcy Court sustained GMACM's objection on the ground that the Macks had failed to mail the QWR to the correct address.

Barry Mack then appealed the two Bankruptcy Court orders to the District Court. The District Court affirmed both orders. This appeal followed.

## II.  Discussion

We conduct a "plenary" review of bankruptcy court orders that have been appealed to the district court. *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006). The legal conclusions of a bankruptcy court are reviewed *de novo*, and its factual findings are reviewed for clear error. *Id.*

### A.  Malicious Prosecution Claim

On appeal, Mack argues that the Bankruptcy Court should not have sustained the Trust's objection to his malicious prosecution claim because *res judicata* did not bar his claim.[1] We disagree.

To determine whether the Florida state court's judgment against Deutsche Bank for slander of title bars Mack's malicious prosecution claim against GMACM we look to Florida state law. *See In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997) (noting that "the preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred"). Under Florida law, the preclusive effects of a prior judgment, including a default judgment, will extend to "matters raised in postjudgment motions as well as to theories of recovery and defenses that could have been presented in the prior litigation." *Bay Fin. Sav. Bank, F.S.B. v. Hook*, 648 So. 2d 305, 307 (Fla. Dist. Ct. App. 1995). In order for *res judicata* to apply, four conditions must be met: "(1) identity of the thing sued for; (2) identity of the cause of action; (3)

---

[1] Mack asserted a different version of this argument for the first time on appeal before the District Court. There, he claimed that his malicious prosecution claim was not barred by *res judicata* because the claim was not ripe at the time he filed his counterclaims in state court. He did not raise that argument before the Bankruptcy Court and he does not pursue that argument on this appeal. It is, therefore, not necessary for us to address it here.

identity of persons and parties; and (4) identity of the quality or capacity of the persons for or against whom the claim is made." *Holt v. Brown's Repair Serv., Inc.*, 780 So. 2d 180, 181–82 (Fla. Dist. Ct. App. 2001). All four of those conditions are met here.

The first two conditions require little elaboration. First, there is "identity of the thing sued for" because Mack seeks monetary damages on his malicious prosecution claim and he sought (and received) monetary damages on his slander of title claim. The fact that Mack seeks different kinds and different amounts of monetary damages is of no moment. *See, e.g.*, *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985) (applying Florida law and finding "identity of the thing sued for" where both actions sought monetary damages). Second, because both claims require proof of nearly identical facts, *i.e.*, that there were no legitimate grounds for bringing the 2009 foreclosure action, there is "identity of cause of action." *See, e.g., id.* at 1510 (explaining that, under Florida law, "identity of causes of action is defined by similarity of the facts essential to the maintenance of both actions" (quoting *Gordon v. Gordon*, 59 So. 2d 40 (Fla. 1952))); *see also Alterra Healthcare Corp v. Campbell*, 78 So.2d 595, 602 (Fla. Dist. Ct. App. 2011) (explaining the elements of an action for malicious prosecution under Florida law); *Donald M. Paterson, Inc. v. Bonda*, 425 So. 2d 206, 208 (Fla. Dist. Ct. App. 1983) (explaining the elements of an action for slander of title under Florida law).

The third condition—identity of parties—requires a somewhat more detailed explanation. Under Florida law, identity of parties will not exist "unless the same parties or their privies participated in prior litigation that eventuated in a judgment by which they are mutually bound." *Massey v. David*, 831 So.2d 226, 232 (Fla. Dist. Ct. App. 2002). To that end, "[v]irtual representation or privity may exist where a third party must indemnify and so is vicariously liable[ ] for the acts of the party to the lawsuit." *Id.* at 233 (footnote omitted). The Bankruptcy Court found that GMACM owed indemnification obligations to Deutsche Bank because it was the sub-servicer of the Macks' mortgage. It also observed that GMACM initiated the foreclosure action on behalf of Deutsche Bank, entered a notice of appearance in the action, and submitted evidence at the hearing seeking to vacate the default judgment entered against Deutsche Bank. Based on those findings, there is identity of parties.

Mack, on the other hand, maintains that there is no identity of parties because GMACM and Deutsche Bank are joint tortfeasors and because a judgment against one joint tortfeasor does not bar a suit against another joint tortfeasor under Florida law. His argument is unavailing. Even assuming that GMACM and Deutsche Bank are joint tortfeasors for purposes of Mack's claim, the primary decision cited by Mack for the proposition that Florida law permits separate actions against joint tortfeasors, *Mitchell v. Edge*, 598 So.2d 125, 128 (Fla. Dist. Ct. App. 1992), does not purport to apply in situations where, like here, the prior judgment against one of the tortfeasors has already been fulfilled.

The fourth and final condition of *res judicata* is also met. Because Deutsche Bank's potential liability in the slander of title action derived from GMACM's filing of the 2009 foreclosure action, Deutsche Bank had the same incentive to litigate the relevant issues then as GMACM would now. Accordingly, the judgment against Deutsche Bank for slander of title entered by the Florida state court bars Mack's claim for malicious prosecution against GMACM. The Bankruptcy Court properly sustained the Trust's objection to Mack's proof of claim.

## B.  RESPA Claim

Mack also contends that the Bankruptcy Court erred by sustaining the Trust's objection to his claim that GMACM violated its duties under RESPA by failing to respond to his October 2009 QWR. Again, we disagree.

Under RESPA, a QWR is "correspondence that identifies a borrower's account and 'includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.'" *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181 (2d Cir. 2014) (quoting 12 U.S.C. § 2605(e)). The statute requires a mortgage servicer to respond to a borrower's QWR within certain time limits. *Id.* However, "to aid servicers with this task of providing consumers with timely information," the regulations implementing RESPA permit a mortgage servicer "to establish a designated address for QWRs." *Id.* If a mortgage servicer designates a specific address for receipt of QWRs, "then the borrower must deliver its request to that office in order for the inquiry to be a 'qualified written request.'" *Id.* (quoting Real Estate Settlement Procedures Act, Section 6, Transfer of Servicing of Mortgage Loans (Regulation X), 59 Fed. Reg. 65,442, 65,446 (Dec. 19, 1994)). As we have already held, "the '[f]ailure to send the [request] to the designated address . . . does not trigger the servicer's duties under RESPA.'" *Id.* (quoting *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1148–49 (10th Cir. 2013)) (alterations in original).

There is no dispute that the Macks sent a letter purporting to be a QWR to GMACM, that GMACM failed to respond to the letter, and that the Macks sent their letter to the "General Inquiries" address instead of the address established by GMACM for the receipt of QWRs. The Bankruptcy Court also found, after a trial on the issue, that the Macks had adequate notice of GMACM's designated address for the receipt of QWRs. Pursuant to our decision in *Roth*, GMACM's statutory duty to respond to the Macks' letter was never triggered, and thus never violated, because the Macks failed to mail their letter to GMACM's designated QWR address, despite having notice of that address.

Mack asks us to modify our decision in *Roth* to account for a borrower's level of "sophistication," asserting that he was not sophisticated enough to know which address to use when mailing his QWR. We, however, are bound by the *Roth* decision and decline to revisit its holding. Mack also suggests that RESPA and its implementing regulations require a mortgage servicer to

5

establish a separate physical office in order for the rule permitting a servicer to designate a separate QWR address to apply. Mack raised this argument for the first time on appeal to the District Court. He did not argue it in the Bankruptcy Court and the question of whether GMACM had a separate physical office for responding to QWR was not listed in the Joint Pretrial Order as an issue of fact to be tried before the Bankruptcy Court. Although the District Court entertained this argument, we decline to consider it because no manifest injustice will result and additional fact-finding would be necessary. *See Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006) (explaining that "it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal" unless necessary "to avoid manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding" (internal quotation marks and citation omitted)).

Accordingly, we hold that the Bankruptcy Court properly sustained the Trust's objection to Mack's RESPA claim.

## CONCLUSION

We have considered all of the arguments raised by appellant and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 25, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6