DREW, Chief Justice.
The trial court entered a decree quieting title to land in plaintiff below (appellant here) but required her to pay the defendant (appellee here) $3,108.63 for improvements to the land. The decree made such sum a lien on the property. Plaintiff appealed from that portion of the decree adjudging a lien on the property and defendant appealed from that portion of the decree quieting title in plaintiff.
That portion of the decree quieting title to the subject premises in the plaintiff is affirmed. We must, however, reverse that part of the decree which deals with the allowance for improvements. Relevant portions of the decree in that connection read as follows:
“That all of said installations, repairs, and- renovations made by defendant and by her said son constituted valuable improvements to said property and that the cost thereof, as testified by defendant’s witness, a T&mpa con- ' tractor, was $2,848.00, to which cost should be added a reasonable allowance on account of the usual contractor’s commission, social security taxes'' and liability insurance.
“3. That the value of said property is $7500.00, and -the improvements on said land are of the -value of $4,000.00; and that since the death of said widow, Ina Hoffses, the defendant has been in *526 continuous possession- thereof,’ claiming under said widow’s deed as color of title, and occupying the premises herself during various periods from time to time, and having her said son in possession as aforesaid, and at other times having tenants in possession thereof.
“That the fair rental value of said property was $35.00 per month before, and $50.00 per month after said im-provéments were finished by defendant’s son in October, 1952; however the defendant has only collected from, tenants net rents in the sum of $282.75.
“That for all said maintenance and improvement expenditures made by de: fendant and by her said son for the benefit of said property the defendant is hereby decreed to have an equitable lien agains't said property in the sum of $3,250.00/ less the sum of $141.37, being one-half of said net rents collected, thus making a total lien in the sum of $3,108.63.” (Italics supplied.)
The compensation to one making improvements to land of another under the circumstances presented here is measured by the amount to which the improvements have enhanced the value of the owner’s estate, less the reasonable rental value of the land for the period in question. Glinski v. Zawadski, 8 Fla. 405; Kester v. Bostwick, 153 Fla. 437, 15 So.2d 201; see Note, 1952, 24 A.L.R.2d 11, 31.
In the decree the court refers to the value of the improvements which was the correct basis for computation but also refers to the cost thereof. From the language used we are unable to determine which of these figures the Court used as a basis for computing the allowance for improvements. But in any event it is clear that from the allowance for improvements there was deducted one-half the amount, of net rents collected whereas there should have been deduction based upon reasonable rental value. Therefore, that portion of the decree pertaining to sums due the defendant from the plaintiff is .reversed for the entry of final decree by the lower court in the light of the views here expressed.
Reversed in part and affirmed in part.
THOMAS and ROBERTS, JJ., and McNEILL, Associate Justice, concur.