467 So.2d 404 (1985)
Michael J. MICELI, As Trustee, Leroy G. Bailey, Benjamin S. Smith and Anne E. Smith, Frank C. McDonald and Lauretta R. McDonald, Werner C. Helwig and Ruth M. Helwig, W.K. Backman and Margaret L. Backman, Anthony Vaz and Ann Marie Vaz, Mill Chemicals, Appellants/Cross-Appellees,
v.
GILMAC DEVELOPERS, INC., a Florida Corporation, and a Successor to Gulf Shore Corporation, a Dissolved Corporation, W.W. Gilman and Malcolm MacPherson, Appellees/Cross-Appellants.
No. 84-869.
District Court of Appeal of Florida, Second District.
March 29, 1985.
Rehearing Denied April 22, 1985.
*405 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants/cross-appellees.
James D. Adams of Quinton, Lummus, Dunwody & Adams, P.A., Miami, for appellees/cross-appellants.
BENTLEY, E. RANDOLPH, Associate Judge.
Appellants, who were plaintiffs below, appeal the final judgments of the trial court concerning their rights in Phase II of a condominium project. The plaintiffs, who were owners of Phase I condominium units, had brought suit against the defendant condominium developers to quiet title and for declaratory relief as to their rights in Phase II, located across the street from Phase I. Plaintiffs filed a notice of lis pendens as to the entire Phase II property, and defendants counterclaimed against certain of the plaintiffs for slander of title and for the value of improvements on the Phase II property.
Under the Declaration of Condominium, the developers had until November of 1979 to construct and submit to condominium Phase II, which the developers contemplated constructing in accordance with a plot plan attached to the condominium documents. By November of 1979 the developers had not submitted the Phase II property to condominium. The developers therefore lost any power to amend the Declaration of Condominium to create or modify Phase II. The Declaration of Condominium provided the following:
19. The recreation area to be constructed by the developer is that shown as being included in the second phase. If additional phases are not actually constructed and submitted to this Declaration of Condominium, Phase I shall have total ownership of such recreational area.
Even though the developers had lost the power to amend the declaration, they nevertheless proceeded with the Phase II project. However, they altered the plans and constructed a much larger building than originally proposed. Part of the building was located within the disputed recreational area.
Certain of the Phase I owners subsequently filed suit, claiming that the Phase II construction was improper and that they had an ownership interest in the Phase II property. Thereafter, the plaintiffs filed a lis pendens as to all of the Phase II property. Certain defendants counterclaimed for slander of title. After a trial the court made the following pertinent findings: that the record owners of the Phase I units own the "recreational area" of Phase II as tenants in common; that the Phase I unit owners enjoyed a perpetual easement across the Phase II property for use of the boat docks; that the plaintiffs had slandered the title to the Phase II property by filing a notice of lis pendens as to the entire area even though their claim was for only an indefinite portion of the Phase II area; and that the Phase I owners must pay the defendants "betterment" caused by the construction of the building on Phase II. Finally, the court ordered  although no party had so requested  that the entire Phase II parcel be sold and that the slander of title damages be reduced by any profit realized on the sale.
The appellants have raised several issues on appeal. First, they contend that the court erred in finding plaintiffs liable for slander of title for filing a notice of lis pendens as to the entire Phase II property. On this point we agree and reverse.
An intentional, wrongful filing of a notice of lis pendens will support an *406 action for slander of title. See Atkinson v. Fundaro, 400 So.2d 1324 (Fla. 4th DCA 1981). Slander of title arises upon the malicious publication of a falsehood concerning title which impairs the vendibility of the property. Old Plantation Corp. v. Maule Industries, Inc., 68 So.2d 180 (Fla. 1953); see Continental Development Corp. v. Duval Title and Abstract Co., 356 So.2d 925 (Fla. 2d DCA 1978). In this case the notice of lis pendens was an appropriate vehicle to notify prospective purchasers that an interest they might acquire would be subject to the trial court's decree. See Bonded Investment and Realty Co. v. Waksman, 437 So.2d 162 (Fla. 2d DCA 1983); Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981).
This case presents the unusual factual circumstance wherein the plaintiffs who filed the notice of lis pendens had a legitimate claim to part of the property  the recreational area in Phase II. There existed no accurate legal description of their partial interest; the only actual representation was the drawing attached to the Declaration of Condominium. Furthermore, the Phase II units were being sold as part of a condominium. As held by the trial court, Phase II did not legally exist as a condominium. Therefore, even if the notice of lis pendens had been filed only as to part of the property, marketability of all of the units would have been impaired. The notice of lis pendens as filed could not and did not constitute slander of title. We also reject the appellees' contention that the notice of claim filed prior to appellants' institution of the lawsuit constituted slander of title.
Having found that there was no slander of title, we need not discuss the means used by the trial court to compute damages. Furthermore, the cross-appeal, in which the defendants/counter-plaintiffs contended that the court erred in failing to award them certain pecuniary losses, is moot.
The second issue we must discuss is whether the trial court erred in its "betterment" award of $231,185.00 to the defendants. We agree that the defendants were entitled to betterment because the building constructed by defendants on the plaintiffs' property enhanced the value of that property; however, the trial court incorrectly calculated the award.
An award of betterment is to be calculated as set out in Arey v. Williams, 81 So.2d 525 (Fla. 1955):
The compensation to one making improvements to land of another under the circumstances presented here is measured by the amount to which the improvements have enhanced the value of the owner's estate, less the reasonable rental value of the land for the period in question.
See generally 42 C.J.S. Improvements § 11. The trial court erroneously calculated the betterment award by considering the defendants' construction costs rather than the enhancement in value to plaintiffs' property. Therefore, this case must be remanded to the trial court for recalculation of the betterment award.
The final issue with which we must be concerned is whether the court erred in ordering a sale of the Phase II property even though no party had requested such relief. We conclude that the court did err. A trial court may not decree relief that has neither been requested by way of any pleading nor tried by consent. Pond v. McKnight, 339 So.2d 1149 (Fla. 2d DCA 1976). See also Antoniadis v. Earca, N.V., 442 So.2d 1001 (Fla. 3d DCA 1983); Kornbluh v. Lowenberg, 401 So.2d 880 (Fla. 3d DCA 1981).
Accordingly, we reverse the final judgments entered by the trial court and remand this case for proceedings consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER, J., concur.