690 So.2d 712 (1997)
Kenneth R. LEVINE, Steven J. Milgrom and Carol Milgrom, his wife d/b/a Levine & Milgrom Joint Venture, Appellants,
v.
FIENI McFARLANE, INC., a Florida corporation, Appellee.
No. 96-1138.
District Court of Appeal of Florida, Fourth District.
April 2, 1997.
*713 Stuart E. Soff of Lavalle, Brown, Ronan & Soff, P.A., Boca Raton, for appellants.
Sheldon R. Rosenthal, Miami, for appellee.
KLEIN, Judge.
Plaintiff, anticipating that it would enter into a lease for restaurant space based on representations of the owners of a building, expended substantial sums renovating the space. When the restaurant was nearly complete the parties were not able to agree on terms, and plaintiff brought this suit against the owners, who knew that the improvements were being made, for unjust enrichment. The owners appeal a judgment entered against them, arguing that the court erred in awarding damages based on plaintiff's costs. We affirm.
In Arey v. Williams, 81 So.2d 525 (Fla. 1955), the defendant and her son, who thought they owned a parcel of land, made improvements, but subsequently lost a quiet title action. The trial court held that they should be reimbursed for the improvements, but used language in the judgment which indicated that it might have based its award on the cost of the improvements. The supreme court reversed, holding that under those circumstances compensation was to be measured by the amount by which the improvements enhanced the value of the property. The owners argue in the present case that plaintiff proved damages only by establishing the cost to plaintiff to construct the improvements, and therefore plaintiff's recovery for unjust enrichment should be reversed.
Plaintiff cites two cases which it claims stand for the proposition that the cost to the improver of the property can be recovered in an unjust enrichment case. Although there were statements to that effect in Stevens v. Crowder, 273 So.2d 793 (Fla. 3d DCA 1973), and Horton v. O'Rourke, 321 So.2d 612 (Fla. 2d DCA 1975), the method of determining compensation did not appear to be in issue in those cases. One of the cases, Horton, was impliedly overruled in Coffee Pot Plaza Partnership v. Arrow Air Conditioning and Refrigeration, Inc., 412 So.2d 883 (Fla. 2d DCA 1982), in which the court recognized that it was the benefit to the owner, not the cost to the improver, which would be the basis for an award in an unjust enrichment case. In any event, the statements in Stevens and Horton are contrary to the supreme court's holding in Arey, as well as the general rule. See 41 Am.Jur.2d Improvements § 28 (1995); see also Miceli v. Gilmac Developers, Inc., 467 So.2d 404 (Fla. 2d DCA 1985).
Although we agree with the owner that the damages for unjust enrichment in this case would have to be based on enhancement to the property from the standpoint of the owner, we do not agree that this requires reversal. While it is true that plaintiff presented evidence of its costs of making the improvements, it also presented the testimony of an architect who testified that the improvements enhanced the value of the property by an amount which was greater than the amount awarded in the final judgment which contained no findings of fact. We thus conclude that there was evidence to support damages based on enhancement to the property. We have considered the other *714 arguments raised and find them to be without merit.
Affirmed.
GUNTHER, C.J., and WARNER, J., concur.