VAN NORTWICK, J.
 

 14th & Heinberg, LLC (Heinberg), owner of a retail shopping mall in Pensacola, appeals a final judgment entered against it on a claim for unjust enrichment. Terhaar & Cronley General Contractors, Inc. (Terhaar), appellee, had filed suit against Heinberg asserting that Heinberg had been unjustly enriched by leasehold improvements made by Terhaar to a retail space leased by Montgomery Ward Corporation from Heinberg. We affirm as to the issues raised on appeal without further comment. Terhaar cross-appeals arguing that the trial court utilized an incorrect standard in assessing damages on the unjust enrichment claim. Terhaar contends that the proper measure of damages was the increase in the value of the property as improved rather than the amount owed Terhaar under the construction contract. We affirm as to the issue raised on cross-appeal and write only to explain the proper measurement of damages.
 

 Terhaar is a building contractor which performed significant leasehold improvements to a building leased by Montgomery Ward in a Pensacola shopping mall owned by Heinberg. Pursuant to its lease with Heinberg, Montgomery Ward was not permitted to subject the landlord’s interest to any liens for labor or materials furnished to Montgomery Ward. In December 2000, after Terhaar had completed the improvements, Montgomery Ward sought protection under chapter 11 of the federal bankruptcy code. Heinberg terminated its lease with Montgomery Ward in June 2001, and the retail space, as improved by Terhaar, was leased to another entity at a rental rate substantially greater than the rent paid by Montgomery Ward. At the time the lease was terminated, Terhaar had not been fully paid for the improvements; a balance of $183,749.38 remained under the construction contract with Montgomery Ward, of which $84,657.99 was owed to subcontractors. Terhaar ultimately was paid approximately $67,000 in the bankruptcy proceeding.
 

 Terhaar filed suit against Heinberg seeking to foreclose its mechanic’s liens and seeking damages on a claim for unjust enrichment. The trial court entered final summary judgment in Terhaar’s favor on the mechanic’s lien claims. The unjust enrichment claim was not the subject of this final summary judgment. On appeal, this court reversed, holding that Hein-berg’s property could not be subject to Terhaar’s mechanic’s liens for the Montgomery Ward improvements because the lease between Heinberg and Montgomery Ward did not require Montgomery Ward “to make the improvements and because the improvements did not constitute the pith of the lease.”
 
 14th & Heinberg, L.L.C. v. Henricksen,
 
 877 So.2d 34, 41 (Fla. 1st DCA 2004).
 

 On remand, a bench trial was conducted on the pending unjust enrichment claim. The trial court entered judgment in favor of Terhaar and awarded damages in the amount of $116,680.86, plus prejudgment
 
 *880
 
 interest in the amount of $98,846.30. This damage award represented the outstanding balance under the construction contract between Montgomery Ward and Terhaar.
 

 Terhaar argues on appeal that the trial court erred in awarding monetary damages equal to the remaining balance under the contract for improvement of the property. Instead, asserts Terhaar, the award of damages should have been premised on the increase in the lease value of the subject property as improved by Terhaar. By this measure, Terhaar contends that it should receive over two million dollars in damages.
 

 Below and on appeal, Terhaar relies on
 
 Levine v. Fieni McFarlane, Inc.,
 
 690 So.2d 712 (Fla. 4th DCA 1997). In
 
 Levine,
 
 a party believing that it would be entering into a lease of real property contracted for improvements to be made to the real property. 690 So.2d at 713. No lease was ultimately executed. The party who made the improvements was not paid and filed an unjust enrichment action against the land owner, and the trial court awarded damages based on the costs of the improvements.
 
 Id.
 
 The
 
 Levine
 
 court, relying on
 
 Arey v. Williams,
 
 81 So.2d 525 (Fla.1955), held that when improvements have been made to real property, the measure of damages in an unjust enrichment case is the enhanced value of the property from the perspective of the owner, and not the cost of the improvements.
 
 Id.
 

 The trial court, in denying the damages sought by Terhaar, distinguished
 
 Levine
 
 and expressly found that it would be inequitable for Terhaar to recover such a windfall when it had no expectation of such a recovery when it entered into its contract with Montgomery Ward. In pertinent part, the trial court explained:
 

 [T]he parties in
 
 Levine
 
 did not have the same relationship as those in this matter.
 
 Levine
 
 and the cases cited in it for the proposition that unjust enrichment value is measured by the enhancement of property value involve improvements made by one party with an interest in real property under color of title, or a good, faith but mistaken belief in that party’s right of possession.
 
 Arey v. Williams,
 
 81 So.2d 525 (Fla.1955);
 
 Miceli v. Gilmac Dev. Inc.,
 
 467 So.2d 404 (Fla. 2d DCA 1985). Under such circumstances, a party with a possessory interest would have an expectation of reaping the benefit of the enhancement in property value, whereas a contractor, such as [Terhaar], has no intention of possessing the property it has improved. Its expectation is in the payment of the contract price. Finally, [Terhaar] provided no case law in which an award in excess of a contract amount has specifically been approved.
 

 In Florida, a claim for unjust enrichment is an equitable claim based on a legal fiction which implies a contract as a matter of law even though the parties to such an implied contract never indicated by deed or word that an agreement existed between them.
 
 Tooltrend, Inc. v. CMT Utensili, SRL,
 
 198 F.3d 802, 805 (11th. Cir.1999). Such a contract implied in law, also known as a quasi contract, is established “where it is deemed unjust for one party to have received a benefit without having to pay compensation for it.”
 
 Id.; see Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co.,
 
 695 So.2d 383 (Fla. 4th DCA 1997)(en banc). As the court explained in
 
 Commerce,
 

 [a] contract implied in law, or quasi contract, is not based upon the finding, by a process of implication from the facts, of an agreement between the parties. A contract implied in law is a legal
 
 *881
 
 fiction, an obligation created by the law without regard to the parties’ expression of assent by their words or conduct. 1
 
 Corbin on Contracts
 
 § 1.20;
 
 Tipper [v. Great Lakes Chem. Co.,
 
 281 So.2d 10, 13 (Fla.1973).] The fiction was adopted to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation.
 

 When a true contract exists, the parties’ rights are fixed by law and by the terms of the contract. However, when an implied or quasi-contract is involved,
 
 [1]
 
 liability is determined by principles of equity and justice and the intent of the parties is immaterial.
 

 Thus an implied-in-law “quasi-contract” is not a contract at all, but an obligation imposed by the court to bring about justice and equity, without regard to the intent of the parties and without regard to whether they have an agreement; it is a noncontractual obligation that is treated procedurally as if it were a contract and is also referred to by some courts as unjust enrichment or restitution.
 

 Williston on Contracts
 
 § 1:6.
 

 We agree with the analysis of the trial court. In the case before us, Terhaar expected to be compensated pursuant to its contract with Montgomery Ward when it made the leasehold improvements. Unlike the parties in
 
 Levine
 
 and
 
 Arey,
 
 it did not have an expectation that it would benefit from any increase in value to the improved property. In pertinent part, Terh-aar alleged its claim for unjust enrichment as follows:
 

 13. The circumstances under which Defendant, 14th & Heinberg, L.L.C., has retained and accepted the benefit of the work are such that it would be inequitable for Defendant, 14th & Heinberg, L.L.C., to retain the benefit of the work without paying the value thereof to Plaintiff [Terhaar];
 

 14. Defendant, 14th & Heinberg, L.L.C., will be unjustly enriched if not required to pay the remaining balance of the reasonable value of the work, provided to the subject property by Plaintiff.
 

 A successful claim for unjust enrichment requires proof that
 

 (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.
 

 Golden v. Woodward,
 
 15 So.3d 664, 670 (Fla. 1st DCA 2009). As observed in
 
 Tool-trend,
 
 the expectation of compensation may be an element of proof in a claim for unjust enrichment as it necessarily is in a claim for quantum meruit. 198 F.3d at 806-07. “The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust.”
 
 Commerce,
 
 695 So.2d at 388;
 
 Tooltrend,
 
 198 F.3d at 808.
 

 Here, it is undisputed that Terhaar was not fully compensated by the party with which it contracted, Montgomery Ward; though it received some distribution from the bankruptcy estate, Terhaar was not able to recover the outstanding balance in
 
 *882
 
 full. While it is also undisputed that Hein-berg subsequently leased the property as improved at a higher rental rate than it leased the property to Montgomery Ward, we cannot agree with the argument advanced by Terhaar that the increase in rental value realized by Heinberg since Montgomery Ward’s breach is the proper measure of damages here. Under the circumstances here, competent substantial evidence supports the trial court’s finding that it would be inequitable to award Terh-aar the value of the increase in rental value when it would not have received such value had the contract been performed by Montgomery Ward.
 

 Accordingly, we affirm the order under review.
 

 LEWIS, and THOMAS, JJ., concur.
 

 [1]
 

 . A contract implied in law or quasi contract is to be distinguished from a contract implied
 
 in fact
 
 which permits recovery under the theory of quantum meruit. A contract implied in fact exists where the parties have made an agreement of sorts which falls short of being an enforceable, true contract. Unfortunately, there is much imprecision regarding implied contracts, whether in law or in fact.
 
 See Commerce,
 
 695 So.2d at 385-86.