# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1460
Lower Tribunal No. 15-477-K
_____


**Richard Dooley and Sanford Thigpen,**
Appellants,

vs.

**Gary the Carpenter Construction, Inc.,**
Appellee.


An appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Kevin Hoyes Attorney, P.A., and Kevin Michael Hoyes, for appellant.

Garcia Law Firm, Trial Attorneys, and Manuel E. Garcia, for appellee.


Before LOGUE, C.J., and MILLER, and LOBREE, JJ.

MILLER, J.

Appellants, Richard Dooley and Sanford Thigpen, homeowners in the Florida Keys, challenge a final judgment rendered in favor of appellee, Gary the Carpenter Construction, Inc. ("GTC"), a general contractor, following a nonjury trial. Appellants raise a myriad of claims of error on appeal. We affirm the well-reasoned judgment under review and write only to address the award of damages.[1]

## BACKGROUND

This is a typical South Florida construction dispute. Dooley and Thigpen obtained an estimate from GTC for home renovations. Work commenced, but the parties' relationship soured. Several invoices were left unpaid.

---

[1] We summarily reject the remaining claims of error. See S. Bell Tel. & Tel. Co. v. Broward County, 665 So. 2d 272, 274 (Fla. 4th DCA 1995) ("[T]rial courts, absent a mandate found in statute or case law, are not required to specifically include findings of fact on each issue in a case."); Cavallaro v. Stratford Homes, Inc., 784 So. 2d 619, 621 (Fla 5th DCA 2001) (analyzing residential construction contract and finding enforceable contract cannot be found where there is no "meeting of the minds" as to "essential term" of price); Deauville Hotel Mgmt., LLC v. Ward, 219 So. 3d 949, 953 (Fla. 3d DCA 2017) ("To prevail in a breach of contract action, a plaintiff must prove: (1) a valid contract existed . . . ."); Roberts v. Roberts, 84 So. 2d 717, 720 (Fla. 1956) (explaining act rising to level of unclean hands must be "condemn[able] by honest and reasonable [persons]").

GTC filed suit in the circuit court seeking to recover under alternative theories of breach of contract and unjust enrichment.[2] Dooley and Thigpen filed a dueling counterclaim alleging similar theories of relief. The parties engaged in discovery, and the case proceeded to a non-jury trial.

During trial, each party contended the other was in breach. GTC presented the unpaid invoices, along with testimony confirming that the invoices reflected the value of services rendered. Dooley and Thigpen, on the other hand, presented evidence as to their collateral and completion damages.

By way of a factually intensive, carefully reasoned judgment, the judge found there was no binding contract. The court further determined that both parties proved the elements of their respective unjust enrichment claims and awarded GTC net damages derived from the unpaid invoices less those damages Dooley and Thigpen satisfactorily proved.

---

[2] GTC filed an additional count to foreclose on a construction lien. Dooley and Thigpen counterclaimed for discharge. Because the lien was later voluntarily discharged, we discern no error in the failure to adjudicate the claims on the merits. See Trushin v. Brown, 132 So. 2d 357, 359 (Fla. 3d DCA 1961) ("[T]he failure to commence an action within one year after the filing of a claim of lien would not only bar the enforcement of the lien but work [as] a discharge thereof."); Foy v. Mangum, 528 So. 2d 1331, 1334 (Fla. 5th DCA 1988) (holding refiling lien does not extend one-year period, thus time barring foreclosure suit filed one year after original lien).

On appeal, Dooley and Thigpen contend that the trial court was required to employ an all-or-nothing approach in adjudicating the competing unjust enrichment claims and the damages award is unsustainable.

## STANDARD OF REVIEW

"A trial court's determination as to the method of calculating damages is reviewed de novo . . . ." Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC, 183 So. 3d 374, 380 (Fla. 3d DCA 2013). Factual findings, however, "regarding the amount of damages sufficiently proven are subject to review for clear error." Id.

## ANALYSIS

Under Florida law, unjust enrichment is a legal fiction designed to permit recovery by contractual remedy in those cases where there is no contract. See Doral Collision Ctr., Inc. v. Daimler Tr., 341 So. 3d 424, 429 (Fla. 3d DCA 2022). In such cases, a contract is implied as a matter of law "even though the parties to such an implied contract never indicated by deed or word that an agreement existed between them." 14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc., 43 So. 3d 877, 880 (Fla. 1st DCA 2010). Recovery is warranted "'where it is deemed unjust for one party to have received a benefit without having to pay compensation for it.'" Id.

4

This court has held that damages in such cases must not be speculative or the product of conjecture. Alvarez v. All Star Boxing, Inc., 258 So. 3d 508, 512–13 (Fla. 3d DCA 2018). They may, however, "be valued based on either (1) the market value of the services; or (2) the value of the services to the party unjustly enriched." Id. at 512.

Against these principles, we examine the instant case. Here, GTC produced the unpaid invoices and established the amount billed represented a reasonable value of the services performed. Further, while the court rejected evidence in arriving at its determination of damages, "[c]ompetent, substantial evidence is tantamount to legally sufficient evidence, and a reviewing court must assess the record evidence for its sufficiency only, not its weight." State v. Coney, 845 So. 2d 120, 133 (Fla. 2003).

To the extent that Dooley and Thigpen contend damages must be awarded on an all-or-nothing basis, we agree with the proposition that contractual damages are not ordinarily subject to apportionment. See 11 Arthur L. Corbin, Corbin on Contracts § 55.9 (rev. ed. 2005). However, we can find no authoritative source extending this general rule to the doctrine of unjust enrichment. Instead, the opposite holds true. The availability of a remedy in unjust enrichment is qualified to avoid unfair hardship. See Restatement (Third) of Restitution and Unjust Enrichment § 2 (Am. L. Inst.

5

2011).  Consistent with this premise, principles of restitution, rather than contract, guide any award of damages.  See Duty Free World, Inc. v. Mia. Perfume Junction, Inc., 253 So. 3d 689, 695 (Fla. 3d DCA 2018).

The Restatement (Third) of Restitution and Unjust Enrichment provides that the measure of "the unjust enrichment of a conscious wrongdoer . . . is the net profit attributable to the underlying wrong."  Id. at § 51(4).  The object is, the Restatement explains, "to eliminate profit from wrongdoing while avoiding, so far as possible, the imposition of a penalty." Id.

Although this case does not involve profits in the traditional sense, it is analogous.  To protect against a windfall, the trial judge credited Dooley and Thigpen for the damages they established they sustained during construction.  This methodology is consistent with the principles embodied in the Restatement and the underpinnings of unjust enrichment law.  See id.; see also Peebles v. GrassMasters Prop. Mgmt., Inc., 48 Fla. L. Weekly D1821, D1821–22 (Fla. 3d DCA Sept. 13, 2023) (suggesting competing claims for unjust enrichment may be successful in absence of enforceable contract).  Accordingly, we discern no error and affirm the judgment under review.

Affirmed.