# Third District Court of Appeal

## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-0179 & 3D24-1287
Lower Tribunal No. 10-25018
_____

**Saul Alvarez,**
Appellant,

vs.

**All Star Boxing, Inc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Brodsky Fotiu-Wojtowicz, PLLC, Michael S. Olin, Alaina Fotiu-Wojtowicz, and Joel S. Perwin, P.A., and Joel S. Perwin, for appellant.

Brito, PLLC, and Alejandro Brito, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

In these consolidated appeals, appellant, Saul "Canelo" Alvarez, challenges a final judgment of remitter awarding appellee, All Star Boxing, Inc., $1,045,418.83 in unjust enrichment damages, comprised of $45,418.83 in out-of-pocket expenses and $1 million for the value of All Star's promotional service provided to Alvarez between September 2008 and January 2010. This case returns to us following our decision in Alvarez v. All Star Boxing, Inc. (Alvarez I), 258 So. 3d 508 (Fla. 3d DCA 2018), where we reversed an $8.5 million unjust enrichment award due to insufficient evidence and remanded for the trial court to reconsider damages based on the existing trial record. The sole issue in this appeal is whether the current award is similarly flawed. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

## BACKGROUND

This dispute stems from All Star's promotional efforts on behalf of Alvarez, a now world-renowned professional boxer, during a fifteen-month period when he was an emerging talent. All Star is a boxing company operated by Felix "Tuto" Zabala, Jr. The entity provided Alvarez with services such as arranging nine strategically coordinated fights, securing television exposure on various outlets, including Telefutura Univision, obtaining a P-1 athletic visa for Alvarez to fight in the United States, and

2

lobbying for elevated rankings with major boxing organizations. In 2010, then nineteen-year-old Alvarez signed a multi-year promotional contract with Golden Boy Promotions, Inc. Upon signing, he received a $1 million signing bonus.

All Star sued Alvarez for breach of contract and unjust enrichment and Golden Boy for tortious interference. After a fourteen-day trial, the jury rejected the breach of contract and tortious interference claims but found Alvarez was unjustly enriched by All Star's services and awarded $8.5 million in damages. The award was primarily premised upon the testimony of All Star's expert, Carl Fedde, who calculated damages based on lost profits. This court deemed Fedde's methodology speculative and improper for an unjust enrichment claim. Alvarez I, 258 So. 3d at 512–13. The panel reversed the award and remanded with instructions "for the trial judge to vacate the current final judgment; to reconsider the motion for remittitur; to enter a judgment of remitter if there is evidence of the value of All Star's expenditures and services in the existing record or, if not, a judgment for the defense . . . ." Id. at 515.

On remand, the trial court was constrained to review the existing record without considering any new evidence, and Alvarez conceded All Star sustained out-of-pocket expenses in the amount of $45,418.83. All Star

3

argued that its six-month promotional efforts were worth $1 million, analogizing the amount to the signing bonus Golden Boy paid Alvarez. All Star alleged this bonus "set[] the mark" for the benefit it conferred because its efforts elevated Alvarez's profile, thereby placing him on Golden Boy's radar. Alvarez countered that no evidence linked All Star's services to the bonus and other factors contributed to his marketability. The trial court entered the challenged judgment of remitter, and this appeal ensued.

## STANDARD OF REVIEW

We ordinarily review a trial court's order granting a remittitur for a clear showing of abuse of discretion. See Aills v. Boemi, 41 So. 3d 1022, 1027 (Fla. 2d DCA 2010). The evidentiary sufficiency of a damages award, however, is reviewed for competent, substantial evidence, see Doyle v. CitiMortgage, Inc., 162 So. 3d 340, 341 (Fla. 2d DCA 2015), and the methodology used for computing damages is reviewed de novo, Gunsby v. Mackey, 395 So. 3d 655, 656 (Fla. 6th DCA 2024).

## LEGAL ANALYSIS

Under Florida law, unjust enrichment damages must reflect the reasonable value of the plaintiff's labor and costs expended for the benefit of the defendant or the value of any economic benefit that the plaintiff had conferred upon the defendant. See Alvarez I, 258 So. 3d at 512; see also

4

Kane v. Stewart Tilghman Fox & Bianchi, P.A., 85 So. 3d 1112, 1114–15 (Fla. 4th DCA 2012). While mathematical precision is not required, damages must be "measurable and quantifiable" and supported by a "fact-based chain of reasoning" so as to avoid conjecture. Alvarez I, 258 So. 3d at 512–14.

Here, All Star reached the $1 million figure by equating the signing bonus with the value of the promotional services it conferred upon Alvarez. To satisfy the damages standard, this conclusion must rest on one of two inferences. Either the bonus amount reflected the value of the promotional services All Star rendered, or All Star's efforts alone prompted the bonus. No competent evidence established the value of the services or such a causal link, so neither inference is sustainable.

As to the former, a panel of this court previously discredited Fedde's testimony as unduly speculative and improper for an unjust enrichment claim. See id. at 513. The other testimony of record similarly falls short. All Star's principal, Zabala, testified to his promotional strategy but offered no valuation as to the impact of his efforts on Alvarez's marketability. Rafael Mendoza, whose testimony we flagged in Alvarez I as a potential basis for damages, id. at 515, addressed only a hypothetical $250,000.00 buyout of the contract the jury found did not exist.

As to the latter, even assuming some connection between the services and bonus, All Star failed to quantify its contribution relative to other influencing elements. See id. at 512 ("Damages for unjust enrichment may be valued based on either (1) the market value of the services; or (2) the value of the services to the party unjustly enriched."); Merle Wood & Assocs., Inc. v. Frazer, 307 So. 3d 773, 777 (Fla. 4th DCA 2020) ("[Appellee] himself only testified as to his anticipated profits from the transaction, but offered no testimony computing the value of the benefit conferred."); Am. Safety Ins. Serv., Inc. v. Griggs, 959 So. 2d 322, 332–33 (Fla. 5th DCA 2007) (reversing where "plaintiffs only presented evidence of the money they hoped to receive under their profit participation agreement"). Oscar De La Hoya attested that Golden Boy's interest in Alvarez predated many of All Star's services. But more importantly, as Zabala conceded in his testimony, "[i]n boxing, the promoter does not make the fighter. The fighter makes the promoter." A confluence of factors played a part in Alvarez's career advancement. Inherent talent, charisma, and an undefeated record—30-0 by January 2010—were all draws, and Alvarez's longtime trainers, Jose and Eddy Reynoso, both of whom guided him from an early age, contributed to his success.

6

All Star's alternative argument that its services value "far exceeded" $1 million may indeed be correct, but we are constrained by this court's ruling in Alvarez I. The previous panel limited the trial court to the existing record on remand, and this theory lacks record support beyond Fedde's rejected lost profits testimony. Alvarez I, 258 So. 3d at 513, 515. All Star was unable to identify any other evidence—expert or otherwise—valuing its services above the conceded $45,418.83. See id. at 515. Consequently, there is no basis to find the bonus was a direct valuation of All Star's services or a proxy for the benefit Alvarez received.

Where a plaintiff proves liability but fails to quantify damages beyond conceded amounts, judgment must be limited. Emerald Pointe Prop. Owners' Ass'n, Inc. v. Com. Constr. Indus., Inc., 978 So. 2d 873, 879–80 (Fla. 4th DCA 2008); see Griggs, 959 So. 2d at 332 ("Trial courts may not allow greater awards for damages than those that are reasonably supported by the evidence."); United Auto. Ins. Co. v. Colon, 990 So. 2d 1246, 1248 (Fla. 4th DCA 2008) ("Where there is no evidence to justify any amount on a claim for economic damages, defendant is entitled to judgment on the claim."). Accordingly, we reverse and remand with instructions to enter judgment for $45,418.83.

Affirmed in part; reversed in part; remanded.